■ KATHLEEN THOMAS, Respondent, v PETER THOMAS, Appellant. [614 NYS2d 839] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly determined that defendant is responsible for $20,227.03 in back taxes, interest, penalties, and accountant's fees arising from the parties' prior ownership of a video store. Although the parties' stipulation provided that plaintiff was responsible for the "present debt" of that corporation, it also provided that the parties would cooperate in any audit for any years prior to the fiscal year ending February 1987, and that each party would be responsible in equal amounts for payment of any deficiency for any year up to the year ending February 1987, together with interest, penalties, costs and expenses. Contrary to defendant's contention, the stipulation does not require that there be a tax audit before defendant becomes responsible for any tax deficiency. Defendant has not submitted any proof that those deficiencies were to have been included in the "present debt" for which plaintiff was responsible.

The court's award of child support arrears must be modified. There is no evidence to support the court's finding that $431.64 became due from October 1989 through January 1990. The evidence supports the court's finding, however, that $500 became due in December 1988, and that $7,114.65 became due between January 1990 and November 1992, based on the parties' stipulation that defendant pay 15% of "any gross income" over $15,000 per year. We conclude that there is no error in the court's inclusion of unemployment compensation and advances for business expenses in defendant's "gross income" under the stipulation.

The court's modification of child support to $200 per week under the Child Support Standards Act must be vacated. The record fails to show that the children's needs are not ade-

quately met under the stipulated order *(see, Webb v Webb,* 197 AD2d 847).

In addition, the court erred in computing the total amount of the judgment. The judgment in favor of plaintiff must be reduced from $34,553.35 to $28,819.08, representing $20,227.03 in back taxes, interest, penalties, and accountant's fees; $7,614.65 in total child support arrears; and $977.40 in medical payments that have not been appealed. (Appeal from Order of Supreme Court, Erie County, Fudeman, J.—Enforce Support.) Present—Denman, P. J., Green, Balio, Wesley and Davis, JJ.